EDWARD SEVERIN, on Behalf of Himself and All Others Similarly Situated, Respondent, *v.* BROAD CHANNEL CORPORATION, Appellant.

Second Department, November 16, 1917.

**Landlord and tenant — lease construed — when assignee of lease not entitled to increase rent.**

In an action by a tenant to restrain the defendant's execution of its authority to increase the rent and oust the plaintiff in default of payment of the same, it appeared that the defendant, the assignee of a lease of lands from the city of New York, leased to plaintiff and others portions thereof for a period of two years; that at the time of the execution of such lease the plaintiff and the other lessees were tenants of the city of New York, and defendant's lease provided that it was not the purpose to disturb the present tenants, and that the rents now paid by them should not be increased, except in cases where special or general improvements have been made, and that the plaintiff shall have the option of a lease to the premises for a period of two years at the present rental, and that before the expiration of plaintiff's lease for two years granted by the defendant under the provisions of its lease, the defendant served notice of an increase of rent, although no improvements had been made. Provisions of the leases examined, and

*Held,* that the leasing by the defendant should not disturb the plaintiff and other tenants similarly situated, nor should their rents be raised unless the cost of improvements justified it, and in no case should the rent be increased for the two years for which leases have been given them.

APPEAL by the defendant, Broad Channel Corporation, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 26th day of April, 1917, denying its motion for a dismissal of the complaint.

*Ignatius A. Scannell,* for the appellant.

*Robert E. Samuels* [*Harry J. Leffert* with him on the brief], for the respondent.

THOMAS, J.:

The plaintiff demurred to the first defense in the answer. The defendant moved for judgment. The court overruled the demurrer but kept the action. The defendant alone appeals.

The complaint shows that the city of New York, owning Big Egg marsh in Jamaica bay, leased thereof Broad channel to Pierre Noel, who assigned the lease to the defendant. Then defendant leased to plaintiff block 22, lot 8 thereof, and made leases similar, save in amount and location, to other parties, who are invited to join in this action. But the plaintiff's term under the lease to him was for two years from May 1, 1915. The action was begun March 23, 1917, and is to restrain the defendant's execution of its threat to increase the rent and to oust the plaintiff in default of payment of the same. It is inferable that the demand for the increased rent was intended to be operative only after the expiration of the plaintiff's lease ending May 1, 1917. But why may not defendant demand increased rent for a further term? The plaintiff's answer is, that he and others were tenants of the city of New York when defendant's lease was made, and that in such lease it was provided: " It is further covenanted and agreed it is not the purpose to disturb the present tenants of the City of New York nor shall the rents now paid by them be increased, except in cases where special or general improvements have been made and then only taking into consideration the amount of money invested in the improvements with a reasonable profit. The lessee further covenants that the permittees of the City of New York on January 1, 1915, or whenever this lease begins, shall have the option of a lease to the premises occupied under their permittees for a period of two years from May 1, 1915, at the rental now paid.' In seeming compliance with the above provision, the defendant did lease to plaintiff for two years from May 1, 1915, for the annual rent of thirty-one dollars and twenty cents, and thereby executed the stipulation it had made with the city, and committed the plaintiff to the benefits and obligations that the provision proffered and imposed. The plaintiff at the time of the execution of defendant's lease held under an instrument of the date of May 1, 1914, signed by the deputy commissioner of docks,. at an annual rental of thirty-one dollars and twenty cents " during the pleasure " of such officer, " but not longer than May 1, 1918." Therefore, the situation when defendant's lease was made, February 9, 1915, and became operative May 1, 1915, was that plaintiff

and others were the tenants of the city until May 1, 1918, unless the commissioner of docks should sooner terminate the holding, and Noel, defendant's assignor, undertook not to disturb the tenants and " further covenants " to give them a lease for two years at the " rental now paid." That is, Noel subjected his tenancy to the tenancies of others occupying portions of the demised premises, and all parties concerned participated in effectuating the provision. The defendant did not get a whole leasehold, but one incumbered by other tenancies, which he agreed to respect, and one particular way of respecting them was by giving each tenant a lease for two years at the then present rental, and that arrangement was observed by the defendant giving and the plaintiff accepting a lease for two years. The defendant may not say that it got a leasehold free from the other tenancies, or that the plaintiff may not insist upon the observance of the stipulation to which, by assuming obligations and receiving benefits, all have bound themselves. The defendant must be content to abide by the strength of its own lease, and may not gain what it does not give by accusing the weakness of the plaintiff's tenure. But the defendant would say, as I understand, that when it gave the plaintiff a lease for two years it fulfilled all duty to him, and that then all his right of occupation ceased. That is a misconception. The essential of the provision for a two years' lease is that it shall be " at the rental now paid." Then what? If the defendant had at the expiration of that lease made improvements, it could increase the rent. The plaintiff's complaint is that defendant would now increase the rent without having made improvements, and the court is asked to investigate and to determine. The defendant's theory seems to be that the provision against disturbing the tenants does not avail them, or maybe, that it has been exhausted by the giving and termination of the two years' lease. In my judgment, the meaning is that there are already tenants on the demised premises. The defendant leasing shall not disturb them, nor shall their rents be raised unless the cost of improvements justify it, and in no case shall the rent be increased for two years for which leases shall be given them. By so reading the provision, full effect is given to all the language, and the defendant is enabled to enjoy what its

lease intends and is prevented from enlarging its holding by expelling occupants of the land to whom was ascribed a status as against defendant. It is of importance, I repeat the thought, that the commissioner of docks could have willed that the tenancies cease. That power is not delegated to defendant. They were there when defendant came, and defendant's lease saved an occupation for them. It may be that the tenants have no right to stay as against the city, but therefrom flows no increment to the defendant's lease, which is distinctly subjected to their occupation. Even if their tenancies were without authority, what was attempted to be given them would belong to the city and would not be added to defendant's holding, because its lease excludes it. In other words, the defendant cannot say that plaintiff's holding is illegal and void, and hence what he claims belongs to it, inasmuch as the city and Noel agreed that it should be valid for the purpose of limiting what Noel took.

The action should proceed to trial and the rights of the parties be ascertained. The plaintiff will have ten dollars costs and disbursements.

JENKS, P. J., STAPLETON, MILLS and PUTNAM, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.